**LAW OFFICES OF JONG YUN KIM**
JONG YUN KIM (SBN 227451)
    E-Mail: Jongkimlaw@hotmail.com
3600 Wilshire Blvd, Suite 2226
Los Angeles, California 90010
Telephone: 213.351.9400
Facsimile: 213.736.6514

Attorneys for Defendants, Hyun Oh Cho and Soon Hee Cho

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carmen John Perri, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Hyun Oh Cho and Soon Hee Cho, individually and as trustees of the 2005 CHO FAMILY TRUST; and DOES 1-10 inclusive,<br><br>　　　　Defendant. | CASE NO. 2:20-cv-01607-JAK-JPR<br><br>**DEFENDANTS HYUN ON CHO AND SOON HEE CHO'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION**<br><br>The Hon. John A. Kronstadt<br><br>Date:　　March 22, 2021<br>Time:　　8:30 a.m.<br>Ct. Rm.:　10B<br><br>Action Filed:　February 19, 2020<br>Trial Date:　　None Set |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ……………………………………………………………..1

II. FACTUAL BACKGROUND ………………………………………..………...1

III. LEGAL ARGUMENT ……………………………………………………..…..2

    A. Plaintiff's Prima Facie Case Under the ADA …………………………..2

    B. Plaintiff's Injunctive Relief Claims Are Moot …………………………3

        1. The Mootness Doctrine in ADA Accessibility Cases …………...3

        2. Plaintiff's Claims are Moot …………………………………...4

IV. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS ………………………………………………….…..…...5

    A. The Dismissal of Plaintiff's ADA Claim Warrants Dismissal of Plaintiff's Remaining State-Law Claims ……………….....………..5

    B. Plaintiff's State-Law Claim Raises Novel and Complex Issues of State Law ………………………………………………...………..7

    C. Plaintiff's State Law Claims Substantially Predominate Over The ADA Claim ………………………………………………..………9

    D. State Court Provides a More Efficient Forum for Plaintiff's State Law Claim …………………………………………………………10

V. CONCLUSION ………………………………………………………..10

# TABLE OF AUTHORITIES

<u>Federal Court Cases</u>

*Acri v. Varian Assocs, Inc.*,
   114 F.3d 999 (9th Cir. 1997) .................................................................. 10

*Botosan v. Fitzhugh*,
   13 F. Supp. 2d 1047 (S.D. Cal. 1998) ....................................................... 7

*Chapman v. Starbucks Corp.*,
   2011 U.S. Dist. LEXIS 3570 (E.D. Cal. Jan. 6, 2011) ............................... 2

*County of Los Angeles v. David*,
   440 U.S. 625 (1979) .................................................................................. 3

*Flast v. Cohen*,
   392 U.S. 83 (1968) .................................................................................... 3

*Gasper v. Marie Callender Pie Shops*,
   2006 U.S. Dist. LEXIS 96929 (C.D. Cal. 2006) ....................................... 3

*Grutman v. The Regents*,
   807 F.Supp.2d 861 (N.D. Cal, 2011) ........................................................ 7

*Hubbard v. 7-Eleven, Inc.*,
   433 F. Supp. 2d 1134 (S.D. Cal. 2006) .................................................... 4

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) .................................................................................. 3

*Mayberry v. Von Valtier*,
   843 F. Supp. 1160 (E.D. Mich. 1994) ....................................................... 2

*Medical Soc'y of N.J. v. Herr*,
   191 F. Supp. 2d 574 (D.N.J. 2002) ........................................................... 3

*Oliver v. In-N-Out Burgers*,
   286 F.R.D. 475 (S.D. Cal. 2012) .............................................................. 9

*Oliver v. Ralphs Grocery Co.*,
   654 F.3d 903 (9th Cir. 2011) ................................................................ 2, 6

*Org. for the Advancement of Minorities v. Brick Oven Rest.*,
   406 F. Supp. 2d 1120 (S.D. Cal. 2005) .................................................... 7

*Parr v. Waianae L & L, Inc.*,
   2000 U.S. Dist. LEXIS 7373 at *66 (D. Haw. 2000) ................................ 3

*Paulick v. Starwood Hotels & Resorts Worldwide, Inc.*,
   2012 U.S. Dist. LEXIS 101332 (N.D. Cal. July, 2012) ............................ 4

*Pickern v. Best W. Timber Cove Lodge Marina Resort*,
   194 F. Supp. 2d 1128 (E.D. Cal. 2002) .................................................... 4

*Ramirez v. Lococo's Cucina Rustica*,
　2018 U.S. Dist. LEXIS 5447 (N.D. Cal. Jan. 10, 2018) .................................. 6

*Renne v. Geary*,
　501 U.S. 312 (1991) ........................................................................................ 3

*Rodgers v. Chevys Restaurants, LLC*,
　2015 U.S. Dist. LEXIS 22164 at *11 (N.D. Cal. Feb. 24, 2015) ..................... 6

*Schneider v. TRW, Inc.*,
　938 F.2d 986 (9th Cir. 1991) ........................................................................... 6

*Stevey v. 7-Eleven, Inc.*,
　2009 U.S. Dist. LEXIS 53801 (E.D. Cal. Jun. 25, 2009) ................................ 2

*United Mine Workers v. Gibbs*,
　383 U.S. 715 (1966) ........................................................................................ 8

*United Mine Workers v. Gibbs*,
　383 U.S. 715, 86 S. Ct. 1130 (1966) ............................................................... 6

*Vogel v. Winchell's Donut Houses Operating Co., L.P.*,
　252 F. Supp. 3d 977 (C.D. Cal. 2017) .................................................... 2, 4, 7

*Wander v. Kaus*,
　304 F.3d 856 (9th Cir. 2002) ........................................................................... 2

### State Court Cases

*Gunther v. Lin*,
　144 Cal.App.4th 223 (2006) ............................................................................ 9

### Federal Statutory Authorities

28 U.S.C. § 1367(c) ................................................................................... 5, 6, 10

42 U.S.C. § 12182(a) ........................................................................................... 2

42 U.S.C. § 12182(b)(2)(A)(iv) ........................................................................... 2

42 U.S.C. § 12188(a)(1) ....................................................................................... 2

### State Statutory Authorities

Cal. Civ. Code §52(a) ........................................................................................... 7

Cal. Civ. Code §52.2 ........................................................................................... 10

Cal. Civ. Proc. Code §425.50 ........................................................................... 8, 9

Cal. Civ. Proc. Code §1033(b) .......................................................................... 10

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Plaintiff Carmen John Perri ("Plaintiff") has brought suit against Defendants Hyun Oh Cho and Soon Hee Cho. ("Defendants") for violations of the Americans with Disabilities Act ("ADA") and related California statutes, specifically by alleging that O'Reilly Auto Parts contains architectural barriers consisting of accessible parking paint striping, signage issues, and soap and towel dispensers. As discussed in detail below, Plaintiff's federal claim must fail, warranting the dismissal of Plaintiff's remaining state law claims, and thus, the granting of this motion. First, Plaintiff's claim for injunctive relief must be dismissed because it is moot: all of the paint striping and signage for the accessible parking spaces at the Facility presently comply with current accessibility standards under both federal and state law. Second, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because it would promote the values of fairness and comity, Plaintiff's state claims raise novel and complex issues of state law, Plaintiff's state claims substantially predominate over her federal claim, and state court would provide a more efficient forum for Plaintiff's state law claims.

## II. FACTUAL BACKGROUND

Plaintiff alleges that suffered from a "qualified disability" under the ADA (Complaint ¶ 1). Defendant's property is leased to O'Reilly Auto Parts located at 24811 South Western Avenue in Lomita, California (the "Facility"). Plaintiff alleges that went to the Facility on February 2020, the following architectural barriers existed: "Defendants have: a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1); a soap dispenser that is too high according to ADAAG specifications (Advisory 606.1); and, a towel dispenser that is too high according to ADAAG specifications (Section 308)." (Complaint ¶ 12).

III. **LEGAL ARGUMENT**

    A. **Plaintiff's Prima Facie Case Under the ADA**

Title III of the ADA prohibits discrimination on the basis of disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011). Discrimination includes the "failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Under Title III the ADA, a plaintiff may only obtain injunctive relief (i.e., removal of the alleged barrier) and is not entitled to monetary damages. 42 U.S.C. § 12188(a)(1); *Oliver*, 654 F.3d 903 at 905; *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). As such, "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting [an] ADA claim." *Oliver*, 654 F.3d 903 at 905; *see also Chapman v. Starbucks Corp.*, 2011 U.S. Dist. LEXIS 3570, *11 (E.D. Cal. Jan. 6, 2011); *Stevey v. 7-Eleven, Inc.*, 2009 U.S. Dist. LEXIS 53801, *26-*27 (E.D. Cal. Jun. 25, 2009) ("Because a private ADA plaintiff is limited to seeking injunctive relief and attorney's fees… a plaintiff's ADA claim is moot if the defendant makes the precise alterations or accommodations that the plaintiff sought to require with an injunction").

To establish a *prima facie* case for injunctive relief under the ADA, a plaintiff must establish: (1) Plaintiff is a qualified individual with a disability; (2) Defendant owned, leased, or operated a place of public accommodation; (3) the place of public accommodation was in violation of one or more construction-related accessibility standards; and (4) the violations denied Plaintiff full and equal access to the place of public accommodation. *See Vogel v. Winchell's Donut Houses Operating Co., L.P.*, 252 F. Supp. 3d 977, 983 (C.D. Cal. 2017); *Mayberry v. Von Valtier*, 843 F. Supp. 1160, 1166 (E.D. Mich. 1994).

B. **Plaintiff's Injunctive Relief Claims Are Moot.**

**Defendant:**

1. **The Mootness Doctrine in ADA Accessibility Cases.**

Under Article III of the United States Constitution, federal courts may only adjudicate actual cases or controversies where true adversarial interests give rise to a clear and concrete conflict. *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968). In order to establish and maintain standing to bring suit, a plaintiff bears the burden of showing: (1) injury-in-fact, or the invasion of a legally protected interest, that is both (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) <u>a likelihood that a favorable decision will redress the wrong.</u> *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Mootness is a jurisdictional defect that can be raised at any time by the parties or the court *sua sponte*. *Parr v. Waianae L & L, Inc.*, 2000 U.S. Dist. LEXIS 7373 at *66 (D. Haw. 2000). To demonstrate that a case is moot, the Defendant must show that the issues involved are no longer "live" or that the parties lack a legally cognizable interest in the outcome. *County of Los Angeles v. David*, 440 U.S. 625, 631 (1979). The court cannot take jurisdiction over a claim to which no effective relief can be granted. *Id*. Moreover, "past exposure to illegal conduct does not in itself show a present case or controversy… if unaccompanied by any continuing, present adverse effects." *Renne v. Geary*, 501 U.S. 312, 320-321 (1991). This requirement ensures that the courts are able to grant effective relief, rather than render advisory opinions. *Medical Soc'y of N.J. v. Herr*, 191 F. Supp. 2d 574, 581 (D.N.J. 2002).

The law is well-established that a defendant's remedial efforts will render a plaintiff's ADA claim for injunctive relief moot. *See Gasper v. Marie Callender Pie Shops*, 2006 U.S. Dist. LEXIS 96929, *4 (C.D. Cal. 2006) ("the only remedy available for a violation of the Americans with Disabilities Act under a private right of action is injunctive relief. Accordingly, if no ADA violations exist at the time the

court is asked to provide injunctive relief, the ADA claim is moot because there is no basis for relief and there is nothing for the court to order the facility to change.") For these reasons, courts routinely dismiss disability access claims as moot when defendants modify allegedly noncompliant barriers. *See, e.g., Paulick v. Starwood Hotels & Resorts Worldwide, Inc.,* 2012 U.S. Dist. LEXIS 101332 (N.D. Cal. July, 2012) (granting summary judgment in favor of Defendants where Defendants corrected the specific barriers listed in Plaintiff's complaint); *Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002) (granting summary judgment in favor of Defendant and finding that where Defendant made alterations to its facilities to remove the barriers of access, Plaintiff's claim for injunctive relief under the ADA was moot); *Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006) (Defendant repaired the ramp slope from the public sidewalk to the store entrance, which was too steep, thus mooting the ADA claim); *Vogel v. Winchell's Donut Houses Operating Co., L.P.*, 252 F. Supp. 3d 977 (C.D. Cal. 2017) (granting summary judgment where the Plaintiff admitted that the barriers alleged in the Complaint were eventually removed, rending her ADA claim moot.)

2.  **Plaintiff's Claims are Moot.**

Plaintiff's claim for injunctive relief is moot because the barriers alleged in Plaintiff's Complaint at the Facility currently do not exist. The facts in support of this motion demonstrate that the cause of the alleged injury is gone and not likely to return or reoccur. Plaintiff alleged in his Complaint that the Facility did not have accessible paths of travel. Such conditions do not currently exist. Currently, the parking lot at the Facility has accessible paths of travel and disabled parking spaces with striping and signage that meet current ADA and California Building Code ("CBC") accessibility standards.

John Rodriguez, a California state Certified Access Specialist (CASp #474) with years of experience specializing in the ADA and related California access laws,

inspected the Facility on July 22, 2020 and prepared the report attached as Exhibit 1. With respect to the report, Mr. Rodriguez personally conducted the inspections and took the measurements reflected in the report. Based upon Mr. Rodriguez's inspection of the Facility on July 22, 2020 and corresponding report, the elements of the Facility identified in Plaintiff's Complaint are currently compliant under federal and state accessibility standards. (*Id*.) Thus, Plaintiff's claim for injunctive relief under the ADA is moot.

IV. **THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.**

Pursuant to 28.U.S.C. § 1367(c), a district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim where one or more of the following circumstances exist:

"(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Here, at least three of the four statutory grounds exist for this Court to decline supplemental jurisdiction.

A. **The Dismissal of Plaintiff's ADA Claim Warrants Dismissal of Plaintiff's Remaining State-Law Claims.**

The Supreme Court has held that **if federal claims are dismissed before trial, courts should decline to exercise supplemental jurisdiction over the remaining state-law claims.** *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130 (1966); *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991); *see also*

28 U.S.C. § 1367(c).  "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, fn. 7 (1988).

     Courts have properly and routinely declined to exercise supplemental jurisdiction over related state-law claims once the ADA cause of action has been dismissed.  *Id; see also Rodgers v. Chevys Restaurants, LLC,* 2015 U.S. Dist. LEXIS 22164 at *11 (N.D. Cal. Feb. 24, 2015); *Ramirez v. Lococo's Cucina Rustica*, 2018 U.S. Dist. LEXIS 5447 (N.D. Cal. Jan. 10, 2018).  For example, in *Oliver v. Ralphs Grocery Company*, the Ninth Circuit upheld the district court's decision to decline supplemental jurisdiction over the plaintiff's state-law access claims once her ADA claim had been dismissed, stating that due to the balance of the factors of judicial economy, convenience, fairness, and comity, the district court properly declined to exercise supplemental jurisdiction over Plaintiff's state law claims after granting summary judgment in favor of Defendants on Plaintiff's ADA claim.  *Oliver*, 654 F.3d 903 at 911.

     Here, the granting of Defendant's Motion for Partial Summary Judgment warrants a dismissal of Plaintiff's state-law claims, as such a dismissal would promote the values of fairness and comity.  Since there will be no claims remaining under federal law, this district court should not retain the state law claims and should decline to exercise supplemental jurisdiction.  Plaintiff has filed numerous cases which involve state-law claims for damages tied to her ADA claims and similar allegations of access barriers, which make clear her litigation strategy.  The fact that Ms. Phelps often raises ADA and state-law claims while complaining of disabled parking spaces counsels towards declining supplemental jurisdiction over the state-law claims.  *Vogel v. Winchell's Donut Houses Operating Co., L.P.*, 252 F. Supp. 3d 977, 988 (C.D. Cal. 2017).

### B. **Plaintiff's State-Law Claim Raises Novel and Complex Issues of State Law.**

Courts have long recognized that claims brought pursuant to the Unruh Civil Rights Act raise novel and complex issues of state law, providing another basis for this Court to decline supplemental jurisdiction. Here, Plaintiff has alleged a cause of action under the California Unruh Civil Rights Act ("UCRA"). It is well settled under California law that there is a conflict with regard to the manner in which damages are calculated. *Grutman v. The Regents of the University of California*, 807 F.Supp.2d 861, 870 (N.D. Cal, 2011). The Unruh Act provides that damages are awarded "for each and every offense," which is not well-defined. *See* Cal. Civ. Code § 52(a); *Org. for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1130 (S.D. Cal. 2005). In fact, two district courts have come to conflicting conclusions when dealing with this language. *Id. Compare* Botosan v. Fitzhugh, 13 F. Supp. 2d 1047 (S.D. Cal. 1998) (permitting recovery for daily damages) with Doran v. Embassy Suites Hotel, 2002 U.S. Dist. LEXIS 16116, 2002 WL 1968166, at * 4-6 (N.D. Cal. Aug 26, 2002) (finding that daily damages are not permitted). Furthermore, there is no California state law case directly on point.

Since there is no direct guidance from the California courts regarding interpretation of Section 52(a) and two district courts have reached different conclusions, the courts have found that the remedial provisions of the UCRA present novel and complex issues of unresolved state law. Ultimately, this is a matter of state law, which is better left to the California courts. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided as a matter of comity").

Moreover, the passage of Senate Bill 1186 in 2012 presents additional novel issues of state law. Among other things, this law codified new procedural requirements for disability discrimination lawsuits, including pre-litigation demands for money and the veracity of complaints. As amended, California Code of Civil

Procedure §425.50 states, in relevant part:

> (a) An allegation of a construction-related accessibility claim in a complaint, as defined in subdivision (a) of Section 55.52 of the Civil Code, shall state facts sufficient to allow a reasonable person to identify the basis of the violation or violations supporting the claim, including all of the following:
>
> (1) A plain language explanation of the specific access barrier or barriers the individual encountered, or by which the individual alleges he or he was deterred, with sufficient information about the location of the alleged barrier to enable a reasonable person to identify the access barrier.
>
> (2) **The way in which the barrier denied the individual full and equal use or access, or in which it deterred the individual, on each particular occasion**.
>
> (3) The **date or dates of each particular occasion** on which the claimant encountered the specific access barrier, or on which he or she was deterred.
>
> (b) **A complaint** alleging a construction-related accessibility claim, as those terms are defined in subdivision (a) of Section 55.3 of the Civil Code, **shall be verified** by the plaintiff. A complaint filed without verification shall be subject to a motion to strike.
>
> (c) Nothing in this section shall limit the right of a plaintiff to amend a complaint under Section 472, or with leave of the court under Section 473. However, an amended pleading alleging a construction-related accessibility claim shall be pled as required by subdivision (a).

(emphasis added).

Plaintiff's complaint is deficient under §425.50 in the following ways: (1) Plaintiff's complaint is not verified; (2) Plaintiff failed to specify the date she allegedly encountered barriers; (3) Plaintiff failed to state the manner in which the alleged condition denied her access on a particular occasion.

While state pleading standards do not apply in federal court, (*Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477 (S.D. Cal. 2012), the new requirements were intended as a *prerequisite* to the award of *state law* damages. Permitting a plaintiff to litigate the only remaining claims in this forum, which are state law claims, while avoiding the requirements imposed on the litigating of those very state claims in

state court would not only be contrary to California's legislative intent, but would give Plaintiff license to avoid limitations imposed on the very statutory scheme upon which she bases her claims.  Here, allowing the residual state claims to be litigated would allow Plaintiff to "pick and choose" selective portions of the statute and ignore the rest.

In light of the above, this Court should decline to exercise supplemental jurisdiction pursuant to Plaintiff's state law claim, as Plaintiff's Unruh Act claim raises a novel or complex issue of state law.

### C. **Plaintiff's State Law Claims Substantially Predominate Over The ADA Claim.**

Courts have long recognized that state law claims for monetary damages substantially predominate over claims for injunctive relief under the ADA.  *See Gunther v. Lin*, 144 Cal.App.4th 223, 256 (2006) ("state law claims have become the tails that wag the dog of federal ADA litigation in California").  The Supreme Court has indicated that where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs,* 383 U.S. at 726-727.  (While Gibbs is a pre-section 1367(c) case, the Ninth Circuit has indicated that Gibbs informs a section 1367(c) analysis. *See Acri v. Varian Assocs, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997).)

Here, the statutory damages available to Plaintiff under the Unruh Act substantially predominate over the injunctive relief available to Plaintiff under the ADA.  Plaintiff seeks $4,000 in statutory damages for each offense.  Under the ADA, Plaintiff is only entitled to injunctive relief and attorneys' fees.  Thus, given the disparity in available remedies, the Court should find that Plaintiff's state claims substantially predominate over her federal claim and decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

D.   **State Court Provides a More Efficient Forum for Plaintiff's State Law Claim.**

California Civil Code §52.2 gives the California Small Claims Court specific jurisdiction over disabled access claims under Civil Code §52. Additionally, California *Code of Civil Procedure* §1033(b) creates strong incentives for plaintiffs to file in the most economical level of California's tiered jurisdictional classifications (Small Claims [Limited Civil under $10,000], Limited Civil [under $25,000], and Unlimited Civil [over $25,000.]). *See* C.C.P. §1033(b) (limiting or eliminating an award of costs where a lawsuit is "over-filed" and the plaintiff fails to obtain a damage award above the jurisdictional minimum). Given the existence of this "tiered" system of litigation in state court, it would likely be less costly to the parties if Plaintiff's state-law claims are litigated in state court.

V.   **CONCLUSION**

For the reasons stated above, Defendants respectfully requests that the Court GRANT its Motion in its entirety and decline to exercise supplemental jurisdiction.

DATED: September 28, 2020          LAW OFFICES OF JONG YUN KIM

                                   By:   /s/ Jong Yun Kim
                                         Jong Yun Kim
                                         Attorneys for Defendants, Hyun On Cho
                                         and Soon Hee Cho