# Exhibit 1



Certified Access Specialist Report

24811-24827 S. Western

Lomita, CA

Date of Survey: 07-22-20

**Scope & Overview**

The purpose of this report is to provide an assessment of existing conditions for ADA compliance, Chapter 11B California Building Code compliance, and to identify potential barriers that may prevent full and equal access to goods and services for customers with disabilities.

 **Areas included in this survey:**

1.  Accessible Parking

2. Restroom

2

**The contents of this report are based on the following codes and standards:**

• 2010 ADA Standards for Accessible Design (ADA)

• 2019 California Building Code - Chapter 11B (CBC)

**Accessibility Scoping for Public Accommodations and Commercial Facilities:**

The 2010 ADA and the 2016 CBC have specific requirements depending upon the first occupancy date of a facility and the date and scope of any subsequent remodeling or alterations made to the facility.

**2010 ADA Standards for Accessible Design**

**New Construction (28 CFR 36.401):**

Discrimination includes a failure to design and construct facilities for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities.

If the last application for a building permit or permit extension for the facility was certified complete after January 26, 1992 and

If the first certificate of occupancy for the facility was issued after January 26, 1993,

Then the facility must fully comply with the requirements of the ADA Accessibility Standards.

All buildings and facilities are also required to be in full compliance with the requirements of the California Building Code in effect at the time of the construction.

**Alterations (28 CFR 36.401):**

3

Any alteration to a place of public accommodation or commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

An alteration is a change to a place of public accommodation or commercial facility that affects or could affect the usability of the building or facility or any part thereof.

The phrase "to the maximum extent feasible" applies to the occasional case where the nature of an existing facility makes it virtually impossible to comply fully with applicable accessibility standards through a planned alteration. In these circumstances, the alteration shall provide the maximum physical accessibility feasible. Any altered feature of the facility that can be made accessible shall be made accessible.

**Ongoing Barrier Removal for Existing and Unaltered Buildings (28 CFR 36.304):**

The ADA requires businesses providing goods and services to the public to take certain limited steps to improve access to existing places of business. This mandate includes the obligation to remove barriers from existing buildings when it is readily achievable to do so. Readily achievable means *easily accomplishable and able to be carried out without much difficulty or expense.*

The ADA states that individuals with disabilities may not be denied the full and equal enjoyment of the "goods, services, facilities, privileges, advantages, or accommodations" that the business provides -- in other words, whatever type of good or service a business provides to its customers or clients. A business or other private entity that serves the public must ensure equal opportunity for people with disabilities.

The ADA establishes different requirements for existing facilities and new construction. In existing facilities where retrofitting may be expensive, the requirement to provide access through barrier removal is less than it is in new construction where accessibility can be incorporated in the initial stages of design and construction without a significant increase in cost. The requirement to remove barriers in existing buildings applies only to a private entity that owns, leases, leases to or operates a "place of public accommodation." Further, barriers must be removed only where it is "readily achievable" to do so. Readily achievable means *easily accomplishable and able to be carried out without much difficulty or expense*.

"Readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. Determining if barrier removal is readily achievable is, by necessity, a case-by-case judgment. Factors to consider include:

1) The nature and cost of the action;

2) The overall financial resources of the site or sites involved; the number of persons employed at the site; the effect on expenses and resources; legitimate safety requirements necessary for safe operation, including crime prevention measures; or any other impact of the action on the operation of the site;

3) The geographic separateness, and the administrative or fiscal relationship of the site or sites in question to any parent corporation or entity;

4) If applicable, the overall financial resources of any parent corporation or entity; the overall size of the parent corporation or entity with respect to the number of its employees; the number, type, and location of its facilities; and

5) If applicable, the type of operation or operations of any parent corporation or entity, including the composition, structure, and functions of the workforce of the parent corporation or entity.

If the public accommodation is a facility that is owned or operated by a parent entity that conducts operations at many different sites, you must consider the resources of both the local facility and the parent entity to determine if removal of a particular barrier is "readily achievable." The administrative and fiscal relationship between the local facility and the parent entity must also be considered in evaluating what resources are available for any particular act of barrier removal.

4

**Alternatives to Barrier Removal (28 CFR 36.305):**

Where a public accommodation can demonstrate that barrier removal is not readily achievable, the public accommodation shall not fail to make its goods, services, facilities, privileges, advantages, or accommodations available through alternative methods, if those methods are readily achievable.

Examples of alternative methods include having clerks retrieve merchandise located on inaccessible shelves or delivering goods or services to the customers at curbside or in their homes. Of course, the obligation to remove barriers when readily achievable is a continuing one. Over time, barrier removal that initially was not readily achievable may later become so because of your changed circumstances.

**2019 California Building Code - New and Existing Construction (11B-201 and 11B-202):**

In new construction, buildings or facilities or portions of buildings shall be made accessible to persons with disabilities.

When alterations, structural repairs or additions are made to existing buildings or facilities, they shall be made accessible to persons with disabilities. These requirements shall apply only to the area of specific alteration, structural repair or addition and shall include:

A primary entrance to the building or facility and the primary path of travel to the specific area of alteration, structural repair or addition, and sanitary facilities, drinking fountains, signs and public telephones serving the area.

5

**Conclusions and Recommendations**

The original date of construction and subsequent alterations is not known.  This report is based on the current ADAS and CBC.

Based on my review of the site, the inspected structures and areas of the site meet construction-related accessibility standards

**Accessible Parking**

6









**Restroom**









**Disabled Access Inspection Certificate**



11

This site has been inspected by a CASp. In the opinion of this CASp, the inspected structures and areas of the site meet construction-related accessibility standards

John Rodriguez

Certified Accessibility Specialist #474

12

**Exclusions**

- All State Building Code Chapters except for Chapter 11 - Accessibility
- Department of Justice Advisory Items
- Regional & Specific City Requirements
- Building Permit Records
- Conditional Use Permits and Covenants
- Registered Historic Landmarks
- Zoning (easements)
- Items beyond property lines
- Light and Sound Measurements

NOTICE TO PRIVATE PROPERTY OWNER/TENANT:

YOU ARE ADVISED TO KEEP IN YOUR RECORDS ANY WRITTEN INSPECTION REPORT AND ANY OTHER DOCUMENTATION CONCERNING YOUR PROPERTY SITE THAT IS GIVEN TO YOU BY A CERTIFIED ACCESS SPECIALIST.

IF YOU BECOME A DEFENDANT IN A LAWSUIT THAT INCLUDES A CLAIM CONCERNING A SITE INSPECTED BY A CERTIFIED ACCESS SPECIALIST, YOU MAY BE ENTITLED TO A STAY (TEMPORARY STOPPAGE) OF THE CLAIM AND AN EARLY EVALUATION CONFERENCE.

IN ORDER TO REQUEST THE STAY AND EARLY EVALUATION CONFERENCE, YOU WILL NEED TO VERIFY THAT A CERTIFIED ACCESS SPECIALIST HAS INSPECTED THE SITE THAT IS THE SUBJECT OF THE CLAIM. YOU WILL ALSO BE REQUIRED TO PROVIDE THE COURT AND THE PLAINTIFF WITH THE COPY OF A WRITTEN INSPECTION REPORT BY THE CERTIFIED ACCESS SPECIALIST, AS SET FORTH IN CIVIL CODE SECTION 55.54.

THE APPLICATION FORM AND INFORMATION ON HOW TO REQUEST A STAYAND EARLY EVALUATION CONFERENCE MAY BE OBTAINED AT http://www.courtinfo.ca.gov/selfhelp/.

YOU ARE ENTITLED TO REQUEST, FROM A CERTIFIED ACCESS SPECIALIST WHO HAS CONDUCTED AN INSPECTION OF YOUR PROPERTY, A WRITTEN INSPECTION REPORT AND OTHER DOCUMENTATION AS SET FORTH IN CIVIL CODE SECTION 55.53. YOU ARE ALSO ENTITLED TO REQUEST THE ISSUANCE OF A DISABILITY ACCESS INSPECTION CERTIFICATE, WHICH YOU MAY POST ON YOUR PROPERTY.

13