UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-01607 JAK (KSx) | Date | March 12, 2021 |
| Title | Carmen John Perri v. Hyun Oh Cho and Soon Hee Cho | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION (DKT. 25)

**JS-6: CASE TERMINATED**

Carmen John Perri brought this action against Hyun Oh Cho and Soon Hee Cho, individually and in their capacities as trustees of the 2005 Cho Family Trust, and ten unnamed Defendants. Dkt. 1 (the "Complaint"). The Complaint alleges violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (the "ADA"), and the Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code §§ 51-53, with respect to a commercial location. *Id.* at 6-8.

On October 5, 2020, Defendants Hyun Oh Cho and Soon Hee Cho filed a Motion for Partial Summary Judgment and Request to Decline Supplemental Jurisdiction. Dkt. 25 (the "Motion"). The Motion seeks summary judgment as to Plaintiff's federal cause of action, on the grounds that the alleged violations of the statute identified in the Complaint have been remedied, which makes Plaintiff's request for injunctive relief moot. *Id.* at 8-9. *See Oliver v. Ralph's Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, see id., a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."). On October 26, 2020, Plaintiff filed a notice of non-opposition to the Motion, acknowledging that "the sole federal remedy has been rendered moot." Dkt. 31. Therefore, Plaintiff's cause of action under the ADA is **DISMISSED**.

District courts may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). "In order to decide whether to exercise jurisdiction over pendent state law claims, a district court should consider . . . at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990) (citation omitted). If federal claims are eliminated before trial, "the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims." *Id.*

The parties agree that supplemental jurisdiction should not be exercised and that the Unruh Act cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-01607 JAK (KSx) | Date | March 12, 2021 |
| Title | Carmen John Perri v. Hyun Oh Cho and Soon Hee Cho | | |

of action should be dismissed without prejudice to its re-filing in a California Superior Court. Dkt. 25 at 15; Dkt. 31 at 2. Therefore, Plaintiff's cause of action under the Unruh Act is **DISMISSED**, without prejudice to refiling in a California Superior Court.

\* \* \*

For the foregoing reasons, the Motion is **GRANTED**, the cause of action under the ADA is **DISMISSED WITH PREJUDICE**, and the cause of action under the Unruh Act is **DISMISSED**; provided, however, that this aspect of the Order is stayed for 10 days following its entry so that Plaintiff may refile the Unruh Act claim in an appropriate Superior Court.

**IT IS SO ORDERED.**

:

Initials of Preparer   tj